The opinion of the Court was delivered' by
Wardlaw, J.
It is too clear for denial that here the plaintiff was, by his acts, precluded from saying that he had any right of property in fhe mule when it was sold. He rests *149 his case upon an ingenious argument. It is this, ,“I did not think that I had any interest in' the mule — b.ut you thought that I had, you sold my interest, the purchaser, buying under the rule caveat emptor, has paid ninety-three dollars for my interest; after satisfaction of the execution against me, a surplus remains in your hands, and I am entitled to that, because nobody else has a right to it, and it has come from the sale of my interest.”
The answer has been of this sort. “ It was not the interest of the defendant in execution, which was sold by the constable, but the mule for satisfaction of that defendant’s debt: the whole mule was sold, because the part sufficient for the satisfaction could not be severed. The purchaser acquired at first only such right as that defendant had in the mule, which has since been enlarged and confirmed by the transfer to his vendor of all' the rights of Sarah Jane Etters — a transfer resulting by law from her recovery in an action of trespass de bonis asportatis of the value of the mule and satisfaction of that recovery. Parker vs. Johnson, 1 N. & McC. 1; Jones vs. McNiel, 2 Bail. 474. A right to the surplus has been shown to be in some third person when it has been made clear that the defendant in execution had no property in the chattel sold: the admission of that defendant’s right implied from the sale is not irrebuttable; and ex segno et bono there is no pretence of justice in his claim to have what has arisen from property not his, for which others have made satisfaction to the person he has acknowledged to have been the true owner.”
The answer is satisfactory. Policy applies the rule caveat emptor to constable’s sales under execution, as well as to sheriff’s; and therefore a purchaser at such a sale cannot resist the right of the creditor in execution to demand payment of his bid. But when the same person is purchaser and sole creditor, and has not yet completed the transaction by payment, he may, in a contest between himself and the debtor, *150 resist the latter’s demand of payment, by showing his fraud in the sale. Herbemont vs. Sharp, 2 McC. 264. If no right of a creditor opposes, any purchaser may do the same, as to the whole bid, Minter vs. Dent, 3 Rich. 205, and after satisfaction of all creditors, a surplus falls -under the same principles. Towles vs. Turner, 3 Hill, 180.
Here no fraudulent procurement of the sale, or interference with it, by the debtor appears ; for it was made against his remonstrance. But his success in this action would be a fraud, because he has received payment for the mule from his sister, Sarah Jane ; she has received payment from this defendant and others; he has obtained from the constable’s sale satisfaction of the execution against himself, and now demands money had and received for his interest in a chattel wherein he had no interest, upon the ground that the sale was made without warranty. As there was no warranty there can be no recourse by the purchaser to him or his agent. But the want of warranty has not protected the agent from the suit of the true owner. The agent’s transactions imply an admission of this plaintiff’s property in the chattel, but not an admission so conclusive as to be an estoppel. When taking on himself the burden the agent has shown that his principal had no property in the chattel, how can an exclusion of warranty make it proper that the agent should pay to the principal who had no property in the chattel, what remains in his hands of the proceeds of a chattel, for which he has been made answerable to the true owner ?
Shall the constable, the agent, then keep the surplus, upon the allegation that the debtor in execution had not title ? No. If he cannot clearly explain and overcome the admission contained in his sale of the chattel as the property of the debtor, he shall pay to the debtor. If, as here, he shows clearly that the debtor had no interest whatever in the chattel, the third person, who is shown to have been the true owner at the time of the sale, shall have the money, if that *151 person chooses to waive the tort, confirm the sale, and accept the surplus in satisfaction of his entire claim. If the true owner, insisting on his superior rights, has sued the purchaser and received from him the value of the chattel, fhen the purchaser shall have the surplus, and be put in the same condition, as if he had never paid it. If leaving the pur- . chaser unmolested, the owner has sued the officer and obtained satisfaction from him, then the officer having acquired by satisfaction the rights of the owner, shall retain the surplus. If satisfaction to the owner has come from an indemnifier or other person, then such person, by acquisition of the rights of the owner, has become entitled to the surplus. In this case, there was recovery by the owner against the constable and an indemnifier jointly, they have made satisfaction, and according to their payments and the contract between them, their rights to the surplus will be adjusted.
It has been urged by the plaintiff, that the bill of sale made by the debtor (the plaintiff) to the true owner, (Sarah Jane Etters,) and the record of the recovery by Sarah Jane Etters against this defendant and others, were improperly admitted in evidence: It has not been imagined that the
admissions of the plaintiff, such as those he verbally made at the constable’s sale, were improperly admitted, if the defendant was not wholly estopped from denial of title in the plaintiff, and the bill of sale is only a more formal admission. That it was made to a third person is no more important, than would be the circumstance that a verbal admission was made to a third person.
The record is admissible as a link in a chain of title. It is, when connected with satisfaction, equivalent to a bill of sale from Sarah Jane Etters, and is no more objectionable than a judgment between third persons adduced to show a sheriff’s authority to sell and convey land. The mistake that has given rise to this objection, has proceeded from confounding two purposes for which a judgment maybe offered, first to *152 show the truth of what has been adjudged, and second to show the fact that the judgment was rendered and the legal .consequences thence deducible. For the latter purpose a judgment inter alios is always admissible, and often is not only conclusive but the only proper evidence. The cases on this subject have been well arranged by Co wen and Hill in their notes to Phillips Ev., 3 vol. 820-4, notes, 582-45.
The motion is dismissed. .
O’Neall, Glover, and Munro, JJ., concurred.

Motion dismissed.